NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-25

DAVID B. MINNICK & another[1]

vs.

EASTWARD MBT, LLC, trustee.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

To the plaintiffs, David B. Minnick and Michele L. Cross,

the problem was quite simple.  From 2017, when they moved into

their home in Chatham, Massachusetts, until 2022 when the

defendant Eastward MBT, LLC ("Eastward"), purchased two adjacent

parcels of land, they never experienced flooding onto their

property.  Once Eastward developed the vacant lots, significant

rain events would result in water overflowing the catch basin,

entering the plaintiffs' property, and flooding their basement.

The plaintiffs filed suit bringing claims of nuisance and

trespass, among others.  The parties agreed to a jury-waived

_____

[1] Michele L. Cross.

[2] Of Eastward Companies Business Trust.

trial under Superior Court Rule 20 (2) (h). A judge of the Superior Court found for the defendant on both claims. We affirm.

Background. The plaintiffs purchased their home on 20 Whiteley Way in 2017, a development that runs off Route 28 in Chatham and is also known as "Whiteleys Way." When the plaintiffs purchased the property, there were three other homes on Whiteley Way -- numbers 2 and 26, which are elevated above the plaintiffs' property, and number 12, with which the plaintiffs share a driveway. In 2017, all of the stormwater from Whiteley Way was diverted into one catch basin adjacent to the plaintiffs' property.

Around 2022, Eastward purchased two vacant lots located at 11 and 21 Whiteley Way and began development. Eastward's property and the catch basin were upgrade from the plaintiffs', so any overflow of water from the catch basin flowed into their property. Eastward soon learned that the plaintiffs were concerned about the potential flow of water onto their property. In response, Eastward cleaned out the catch basin and later installed stormwater controls onto the lots, which included directing the rain from the roof gutters into drywells and installing trench drains and a lawn drain. When certain rain events still resulted in flooding of the plaintiffs' yard and

2

basement, they filed suit, alleging, among other claims, trespass, and nuisance by Eastward.

Trial occurred pursuant to Superior Court Rule 20 (2) (h). The trial judge heard testimony from plaintiff David Minnick; the town of Chatham's building commissioner, Jay Briggs; Eastward president Donald Poyant; and engineer David Clark. Twenty-four exhibits were introduced and prior to deliberation, the judge took a view of the property during a rain event. The judge, using a "jury waived verdict form,"[3] found that Eastward did not commit an intentional trespass onto the plaintiffs' property. On the nuisance claim, the judge found that even though Eastward failed to control the flow of surface waters from its property, Eastward did not cause substantial and unreasonable interference with the plaintiffs' use and enjoyment; that the interference was not intentional, negligent, or reckless; and that the actions taken by Eastward to control the flow of surface water were reasonable. This appeal followed.

Discussion. 1. Standard of review. The parties agree that waiving detailed findings of fact pursuant to Superior

---

[3] Technically a jury renders a verdict while a judge makes findings. Substantively there is no difference, see Superior Court Rule 20 (8) (a), so we will also use the words "verdict form."

Court Rule 20 (2) (h) means our review "shall be according to the standard of review that would apply to a verdict by a jury in a case tried to a jury and to the judgment entered thereon." Rule 20 (8) (b) of the Rules of the Superior Court (2018). This means that the judgment will be upheld if "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]." Rabassa v. Cerasuolo, 97 Mass. App. Ct. 809, 814 (2020), quoting Dobos v. Driscoll, 404 Mass. 634, 656, cert. denied, 493 U.S. 850 (1989). "To the extent that the [parties] argue that the basis of the judge's finding is unclear, that argument is waived." Spinosa v. Tufts, 98 Mass. App. Ct. 1, 17 (2020). With this deferential standard in mind, we address the plaintiffs' claims of error.

2. Trespass claim. The plaintiffs claim that the trial judge erred because the undisputed facts establish the elements of an intentional trespass. Under Massachusetts law, to establish a claim for trespass, a landowner must demonstrate an intentional physical entry onto its land by the defendant. See Krasnecky v. Meffen, 56 Mass. App. Ct. 418, 424 (2002), quoting Sheppard Envelope Co. v. Arcade Malleable Iron Co., 335 Mass. 180, 187 (1956) ("[A] landowner who sets in motion a force which, in the usual course of events, will damage the property

4

of another is guilty of trespass on such property").  In Deyo v.

Athol Hous. Auth., 335 Mass. 459, 462 (1957), the court noted

that while a landowner can collect surface water on his own land

for a lawful purpose,

> "he is liable if he discharges it on his neighbor's land by
> means of a definite artificial channel.  He is also liable
> if surface water so channeled is artificially retained so
> that by its retention it is deflected or backed up upon
> another's land.  It is immaterial whether injury from water
> so collected or retained results from the flow of surface
> water or from subsurface percolation."  (Citations
> omitted.)

The judge's determination that Eastward did not commit an

intentional trespass was a question of fact.  "On appeal, we are

bound by a judge's findings of fact that are supported by the

evidence, including all inferences that may reasonably be drawn

from the evidence."  Twin Fires Inv., LLC v. Morgan Stanley Dean

Witter & Co., 445 Mass. 411, 420 (2005).  "A finding is clearly

erroneous when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite

and firm conviction that a mistake has been committed"

(quotation and citation omitted).  Marlow v. New Bedford, 369

Mass. 501, 508 (1976).  Nothing in our review of the record

leaves us with the "definite and firm conviction" that a mistake

has been committed.

In essence, on appeal the plaintiffs claim that Eastward

was aware that there was one existing catch basin for surface

5

water and failed to calculate what amount of water would be added to the catch basin by the development of the lots, and that flooding of the plaintiffs' property was foreseeable because of the additional burden on the catch basin. While we acknowledge the plaintiffs' theory of liability at trial, on appeal our role is not to determine if the plaintiffs' claims were supported by the record, but rather to determine whether from "anywhere in the evidence" a reasonable inference could be drawn in favor of the prevailing party, here Eastward. We find that there was such evidence.

The judge heard testimony that the plaintiffs' property was located downhill from Eastward's. Further, runoff water from other properties on Whiteley Way as well as Route 28 flowed into the catch basin. The judge also heard testimony that Eastward reduced the flow of surface water by expanding a driveway drain and installing leach basins. Once that remediation was complete, no surface water from Eastward's lots directly entered the plaintiffs' property. Instead, some water from the lawn surfaces of the Eastward lots entered the catch basin on Whitely Way, just as water from Route 28 and another property on the road did.

Finally, while Minnick testified numerous times that his property had not been flooded prior to Eastward's development in

February 2022, at trial he admitted that in September 2021 (prior to Eastward purchasing the property), a significant rainfall caused water from the catch basin to overflow, and water entered his basement.[4]  While Minnick testified that the amount of water in his basement was significantly less prior to the defendant's development of the vacant lots, the judge was free to consider the undisputed fact that Minnick's property flooded before Eastward purchased, let alone developed, the vacant lots.  "Where differing inferences can be drawn from the evidence, and a reasonable view of the evidence supports [the judge's] findings, we defer to the trial judge."  Beninati v. Borghi, 90 Mass. App. Ct. 556, 564 (2016).  We conclude that there was sufficient evidence to support the judge's finding that Eastward did not commit a trespass.

3.  Nuisance claim.  Next, the plaintiffs challenge the judge's finding of fact that the defendant did not create a private nuisance.  Under Massachusetts case law, a landowner can be held liable for private nuisance caused by the flow of surface waters onto another's property if the landowner is not

_____

[4] Minnick also testified the flooding of his basement was due to the intensity of the storm and the overburdening of the one catch basin rather than any action by Eastward to direct water onto his property.

7

making a reasonable use of the land.  Trenz v. Norwell, 68 Mass. App. Ct. 271, 275 (2007).

"[I]n order for a condition to constitute a nuisance, the impact on the plaintiffs' property must be substantial and unreasonable" (quotation and citation omitted).  Gillis v. Uxbridge, 103 Mass. App. Ct. 100, 103-104 (2023).  Furthermore, "[i]f a landowner fails to control the flow of surface waters but on a consideration of all of the relevant factors his actions are reasonable, an action for nuisance will not lie." Id. at 104.  "The issue of reasonableness is 'a question of fact'" and requires "consideration of all the relevant circumstances, including such factors as the amount of harm caused, the foreseeability of the harm which results, the purpose or motive with which the possessor acted, and all other relevant matter."  Von Henneberg v. Generazio, 403 Mass. 519, 522 (1988), quoting Tucker v. Badoian, 376 Mass. 907, 918 n.2 (1978) (Kaplan, J. concurring).

The evidence at trial supported the judge's finding that, while Eastward did not control the surface water, its actions were reasonable.  Again, we note that Minnick testified that flooding occurred prior to Eastward's development of the lots. Eastward cleaned out the catch basin and installed drywells, a trench, and lawn drains.  The testimony of engineer Dan Clark

supported the inference that once those remediations were made, water did not flow from Eastward's lots to the plaintiffs' property. In sum, when the plaintiffs purchased the property, which was located at a low point in the subdivision, the potential for flooding existed prior to Eastward developing the lots. Unlike cases cited by the plaintiffs, there was no evidence in this case that even suggested Eastward diverted water onto the plaintiffs' property, thereby creating a nuisance. Rather, the evidence supported the inference that Eastward's use of the property was reasonable.

4. Verdict form. Finally, the plaintiffs claim that the judge made an error of law when considering the legal standard for a private nuisance by considering whether the defendant's actions were intentional, negligent, or reckless rather than properly focusing only on whether the defendant's actions were unreasonable. This argument fails.

First, we have reviewed the trial transcript and acknowledge that at the outset of the jury-waived trial, there is a passing reference regarding the verdict form and each party submitted differing versions of a verdict form that were docketed but not introduced in evidence or marked for identification. Nowhere in the trial record did the plaintiffs lodge an objection to the verdict form the judge used, nor did

9

they provide their proposed verdict form in the record appendix. Thus, the argument is waived. "[N]o party may assign as error the giving or failure to give an instruction unless [the party] objects thereto before the jury retires to consider [their] verdict, stating distinctly the matter to which [the party] objects and the grounds of [the] objection." Rotkiewicz v. Sadowsky, 431 Mass. 748, 751 (2000), quoting Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974). Because the "primary purpose of the rule is to put the judge on notice of the issue," a party objecting to an instruction must "clearly bring the objection and the grounds for it to the attention of the judge." Id. By failing to object to the special verdict form, the plaintiffs have waived their right to challenge it on appeal. See Motsis v. Ming's Supermkt., Inc., 96 Mass. App. Ct. 371, 383 (2019) ("Any objection to the form of a verdict slip must be timely raised").

Finally, we note that even if the panel were to consider the substance of the claim, the issue of nuisance always turns on the reasonableness of the use of the land. In DeSanctis v. Lynn Water & Sewer Comm'n, 423 Mass. 112, 117 (1996), the court noted that "[r]egardless of the category into which the defendant's actions fall [intentional and unreasonable or negligent, reckless, or abnormally dangerous], the reasonable

10

use rule explicitly, as in the case of intentional acts, or implicitly, as in the case of negligent acts, requires a finding that the conduct of the defendant was unreasonable" (citation omitted).[5]  There was no error in the verdict form.[6]

Judgment affirmed.

By the Court (Desmond, Walsh & Toone, JJ.[7]),

Clerk

Entered:  December 24, 2024.

---

[5] Like the verdict form in this case, in DeSanctis, supra at 118, the jury were asked whether the defendant "intentionally or negligently, or by unreasonable use of its property, caused water to flow onto the [plaintiffs'] property."

[6] We note that Eastward requests an award of attorney's fees due to the plaintiffs' misleading statements about Minnick's trial testimony and because the appeal is frivolous.  We decline to award attorney's fees.

[7] The panelists are listed in order of seniority.

11